UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **JAMIE LYNN SPRINGFIELD,** | ) |
| Petitioner, | ) |
| v. | ) Case Number: 6:13-cv-02022-RDP-JHE |
| **COMMISSIONER KIM THOMAS** and **THE ATTORNEY GENERAL FOR THE STATE OF ALABAMA,** | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

On January 3, 2017, the Magistrate Judge entered a Report and Recommendation, (Doc. 18), recommending that Jamie Lynn Springfield's Petition for Writ of Habeas Corpus be dismissed with prejudice. On January 18, 2017, the court received unsigned objections indicating they were from "Nancy Hanks Springfield For: Jamie Lynn Springfield." (Doc. 19). Bur even to the extent Petitioner's signature would be able to cure this deficiency, the objections are nevertheless due to be overruled. This is because other than merely re-arguing the merits of the petition, the objections do not point to any specific error in the Magistrate Judge's presentation of the procedural history or his analysis. Specifically, Petitioner makes a total of five objections, one directed at each of the following claims: (1) denial of due process based on not being granted a continuance to seek a psychiatric expert to aid in his defense; (2) failure to submit the insanity issue to the jury; (3) improper comments by the prosecutor; and (4) ineffective assistance of counsel for failure to file a timely appeal; and (5) the fact two of the jurors were married to each other. (Doc. 19). The Magistrate Judge thoroughly addressed each of these objected-to claims in the Report and Recommendation. First, the Magistrate Judge

explained why habeas relief is not appropriate based on the state court's denial of a continuance for a second mental health evaluation and found no fundamental unfairness based on the state court's failure to submit the insanity issue to the jury.  (Doc. 18 at 7-13).  Next, the Magistrate Judge found that, even if comments the Prosecutor made to the jury were improper, there is no indication that the outcome of Petitioner's case would have been any different in their absence, and thus any such "conduct" did not render the trial fundamentally unfair.  (*Id.* at 14-17).  Then, the Magistrate Judge found Petitioner's ineffective assistance of counsel claim did not meet the requirements of *Strickland v. Washington*, 466 U.S. 668 (1984).  (*Id.* at 19-23).  Finally, the Magistrate Judge addressed Petitioner's claim that the fact two of the jurors were married to each other rendered his conviction unconstitutional, and found that the claim was procedurally defaulted.  (*Id.*at 17-19).

The court has considered the entire file in this action, together with the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this court.  The petition for writ of habeas corpus is due to be **DISMISSED**.  A separate Order will be entered.

**DONE** and **ORDERED** this January 23, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE